IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY, | CV 16-108-M-DLC-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff Tracey Godfrey – a state prisoner proceeding pro se, has filed three prior petitions for habeas corpus relief under 28 U.S.C. 2254, challenging the validity of the sentence of imprisonment imposed upon him in October, 2013, following his conviction for sexual assault in Montana State Court. *See Godfrey v. Kirkegard*, CV 14-27-M-DLC-JCL; *Godfrey v. Kirkegard*, CV 14-164-M-DLC-JCL; and *Godfrey v. Kirkegard*, CV 14-190-M-DLC. The first petition was denied on the merits because the sentence did not violate the Federal Constitution's protection against double jeopardy as argued by Godfrey. This Court and the Ninth Circuit Court of Appeals denied Godfrey a certificate of appealability. *Godfrey v. Kirkegard*, No. 14-35405 (9th Cir. 2014).

The second and third petitions were dismissed for lack of jurisdiction

because they constituted impermissible second or successive petitions. The Ninth Circuit denied Godfrey a certificate of appealability with respect to both petitions. *Godfrey v. Kirkegard*, No. 14-35521 (9th Cir. 2014); and *Godfrey v. Kirkegard*, No. 14-35556 (9th Cir. 2014).

On January 11, 2016, Godfrey filed a document entitled "Request for Declaratory Relief" which, at bottom, was yet another attempt to challenge the validity of his state court sentence. *Godfrey v. Montana*, CV 16-4-M-DLC-JCL. Viewing the document as an impermissible successive petition, the petition, as well as a certificate of appealability, were denied.

Mr. Godfrey is again before the Court challenging, in essence, the validity of his state court sentence. This time he attempts to utilize a civil rights suit seeking monetary compensation for the allegedly illegal sentence. Inexplicably, he names the United States of America as the defendant. Review of his complaint clearly reflects, however, that he predicates his claim upon the purported invalidity of the October, 2013 state court sentence for sexual assault.

Viewing Godfrey's complaint as advancing a claim under 42 U.S.C. § 1983, the complaint must be pre-screened to determine whether it should be dismissed under 28 U.S.C. § 1915(e)(2). And it must. First, the complaint fails to state a claim against the United States of America which had nothing to do with the

sentence imposed on Godfrey in Montana State Court. Second, even liberally construing Godfrey's complaint as advanced against the State of Montana, it fails to state a claim because the State of Montana is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Third, even liberally construing Godfrey's complaint as advancing a claim against the state judge who imposed the sentence, the claim would be barred by the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Finally, Godfrey's complaint is frivolous in that it is predicated upon his criminal sentence which this Court has previously held to be constitutionally valid.

Therefore, IT IS HEREBY RECOMMENDED that this action be DISMISSED under authority of 28 U.S.C. § 1915(e)(2).

DATED this 23rd day of February, 2017.

_____
Jeremiah C. Lynch
United States Magistrate Judge